UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICKEY OVERSTREET, #514707                                    CIVIL ACTION

VERSUS                                                            NO. 21-583

TYLOR WADE                                                  SECTION: "H"(1)

## REPORT AND RECOMMENDATION

Petitioner, Rickey Overstreet, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

On September 11, 2017, petitioner pleaded guilty to four offenses under Louisiana law and was sentenced to concurrent terms of imprisonment as follows: one count of possession with intent to distribute cocaine, fifteen years; one count of being a convicted felon with a weapon, fifteen years; one count of possession of Tramadol, five years; and one count of possession with intent to distribute marijuana or synthetic cannabinoids, fifteen years. On that same date, he also pleaded guilty to being a second offender as to the cocaine conviction and was resentenced as such on that conviction to a concurrent term of fifteen years imprisonment without benefit of probation or suspension of sentence.[1] After he was subsequently granted an out-of-time appeal,[2] the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences.[3] The Louisiana Supreme Court then denied his related writ application on April 29, 2019.[4]

---

[1] State Rec., Vol. 4 of 6, transcript of September 11, 2017; State Rec., Vol. 2 of 6, minute entry dated September 11, 2017; State Rec., Vol. 2 of 6, guilty plea forms.
[2] State Rec., Vol. 2 of 6, Order dated May 4, 2018.
[3] State v. Overstreet, 263 So. 3d 1241 (La. App. 5th Cir. 2018); State Rec., Vol. 4 of 6.
[4] State v. Overstreet, 268 So. 3d 1033 (La. 2019); State Rec., Vol. 6 of 6.

On November 25, 2019, petitioner filed a state post-conviction application.[5]  The state

district court denied relief on February 7, 2020,[6] as did the Louisiana Fifth Circuit Court of Appeal

on July 22, 2020.[7]  On March 2, 2021, the Louisiana Supreme Court thereafter refused petitioner's

related writ application, stating:  "Writ application not considered.  Not timely filed.  See Louisiana

Supreme Court Rule X, § 5(a)."[8]

In the interim, petitioner also filed a motion to correct an illegal sentence with the state

district court on November 13, 2020.[9]  That motion was likewise denied on January 6, 2021,[10] and

he did not seek further review of that denial.

On or about March 15, 2021, petitioner filed the instant federal application seeking habeas

corpus relief.[11]  The state filed a response, conceding that the application was timely filed.  In that

response, the state also observed:  "Overstreet's habeas petition is extremely brief and contains

little in the way of facts or arguments; for this reason, it is difficult to identify the number and exact

nature of Overstreet's claims."[12]  The undersigned agrees.  However, the state nevertheless made

a valiant effort to decipher the application and, in so doing, identified four claims:  a Fourth

Amendment claim; a claim challenging the sufficiency of the state's evidence; an ineffective

assistance of counsel claim; and a claim arguing that the state courts erred in denying post-

conviction relief.  Petitioner was afforded an opportunity to file a reply to the state's response,[13]

---

[5] State Rec., Vol. 5 of 6.
[6] State Rec., Vol. 5 of 6, Order dated February 7, 2020.
[7] State v. Overstreet, No. 20-KH-205 (La. App. 5th Cir. July 22, 2020); State Rec., Vol. 5 of 6.
[8] Overstreet v. 24th Judicial District Court, Parish of Jefferson, 311 So. 3d 1060 (La. 2021); State Rec., Vol. 6 of 6.
[9] State Rec., Vol. 2 of 6.
[10] State Rec., Vol. 2 of 6, Order dated January 6, 2021.
[11] Rec. Doc. 1.
[12] Rec. Doc. 16, p. 17.
[13] See Rec. Doc. 2, p. 2.

but no such reply was filed. In light of petitioner's failure to file a reply challenging the manner in which the state interpreted his claims, and because the undersigned finds that the state's interpretation of the claims appears to be fair and accurate, this Report and Recommendation will address the claims as so interpreted.

## Fourth Amendment Claim

This Court is clearly barred from considering the merits of petitioner's Fourth Amendment claim. In Stone v. Powell, 428 U.S. 465 (1976), the United States Supreme Court held that where a state provides an "opportunity for full and fair litigation of a Fourth Amendment claim" in the state courts, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence against him was obtained in violation of the Fourth Amendment. Id. at 494; see also Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002). Interpreting Stone, the United States Fifth Circuit Court of Appeals has held:

> An "opportunity for full and fair litigation" means just that: an opportunity. If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, Stone v. Powell bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.

Caver v. Alabama, 577 F.2d 1188, 1192 (5th Cir. 1978).

Stone clearly applies here, in that "[i]t is beyond cavil that Louisiana courts provide criminal defendants the opportunity to raise Fourth Amendment claims." Bailey v. Cain, Civil Action No. 06-839, 2007 WL 1198911, at *13 (E.D. La. Apr. 20, 2007). Moreover, petitioner in fact availed himself of that opportunity. Prior to entry of the guilty pleas in this case, petitioner's counsel filed a motion to suppress evidence.[14] After a full hearing, the state district court denied

---

[14] State Rec., Vol. 3 of 6.

that motion.[15]  He sought supervisory review of that ruling, but his writ application was denied

because it was not timely filed,[16] and his application for rehearing was likewise denied.[17]  In

addition, after his guilty pleas, petitioner then reasserted his Fourth Amendment claim on direct

appeal,[18] where it was rejected on the merits by both the Louisiana Fifth Circuit Court of Appeal[19]

and the Louisiana Supreme Court.[20]

Accordingly, petitioner litigated his Fourth Amendment claim in the state courts both pre-

plea and on direct appeal.  In light of the foregoing jurisprudence, the Stone bar applies, and that

remains true even if, as petitioner pleads, the state court rulings on his Fourth Amendment claim

were erroneous, an issue on which this Court takes no position since it is precluded from reviewing

those rulings.  Swicegood v. Alabama, 577 F.2d 1322, 1324 (5th Cir. 1978).

### Remaining Claims

As noted, petitioner also asserted three additional claims:  a claim challenging the

sufficiency of the state's case against him; an ineffective assistance of counsel claim; and a claim

arguing that the state courts erred in denying post-conviction relief.  The state argues that those

three claims are unexhausted and, because petitioner would now be precluded from returning to

the state courts to exhaust them, the claims are also procedurally barred from federal review.[21]

---

[15] State Rec., Vol. 4 of 6, transcript of March 16, 2017, p. 63; State Rec., Vol. 3 of 6, minute entry dated March 16, 2017.

[16] State v. Overstreet, No. 17-K-245 (La. App. 5th Cir. May 24, 2017); State Rec., Vol. 3 of 6.

[17] State v. Overstreet, No. 17-K-245 (La. App. 5th Cir. June 22, 2017); State Rec., Vol. 3 of 6.

[18] Petitioner reserved his right to seek review of his Fourth Amendment claim by entering his guilty pleas pursuant to State v. Crosby, 338 So.2d 584 (La. 1976).  In Crosby, the Louisiana Supreme Court held that the state's appellate courts are "not barred from reviewing the assignments of error specifically reserved at the time of the plea of guilty, where the trial court accepted the plea of guilty so conditioned (which the court had discretion to refuse, if proffered upon such reservation)."  Id. at 588.

[19] State v. Overstreet, No. 20-KH-205 (La. App. 5th Cir. July 22, 2020); State Rec., Vol. 5 of 6.

[20] State v. Overstreet, 268 So. 3d 1033 (La. 2019); State Rec., Vol. 6 of 6.

[21] Where a "prisoner fail[ed] to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,"

The state's argument appears to be well founded.  Nevertheless, because the state alternatively argues that the claims also fail on the merits, and because they clearly do, the undersigned recommends that they simply be denied on that basis.[22]

As to petitioner's contention that the state did not actually have sufficient evidence against him, that claim is foreclosed by his guilty pleas.  During the plea colloquy, he, while under oath, denied being coerced into pleading guilty[23] and made the following admissions:

> **THE COURT:**
> And you're pleading guilty because you are in fact guilty?
>
> **THE DEFENDANT:**
> Yes, ma'am.
>
> **THE COURT:**
> Are you satisfied with the way your attorney's handled your case?
>
> **THE DEFENDANT:**
> Yes, ma'am.[24]

By pleading guilty, petitioner relieved the state of its obligation to prove its case against him, and, therefore, he cannot now challenge the sufficiency of the state's evidence.  Simply put: "The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." Smith v. McCotter, 786 F.2d 697, 702-03 (5th Cir. 1986).  See also Cornett v. Johnson, No. 97-11250, 1998 WL 546513, at *1 (5th

---

then the claims are considered defaulted in federal court.  Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (internal quotation marks omitted).

[22] A federal court need not decide whether a claim is procedurally barred if the claim clearly fails on the merits.  Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995); Wiley v. Puckett, 969 F.2d 86, 104 (5th Cir. 1992); Corzo v. Murphy, Civ. Action No. 07-7409, 2008 WL 3347394, at *1 n. 5 (E.D. La. July 30, 2008); Lee v. Cain, Civ. Action No. 06-9669, 2007 WL 2751210, at *9 (E.D. La. Sept. 18, 2007).

[23] State Rec., Vol. 4 of 6, transcript of September 11, 2017, at p. 7.

[24] Id. at p. 11.

Cir. Aug. 12, 1998) ("[Petitioner's] challenge to the sufficiency of the evidence underlying his guilty plea does not rise to the level of a federal constitutional issue."); United States v. Silva, No. 97-10266, 1998 WL 29992, at *1 (5th Cir. Jan. 6, 1998) ("[Petitioner's] sufficiency-of-the-evidence challenge is also waived by his guilty plea."); Simmons v. Morgan, Civ. Action No. 15-2298, 2015 WL 5971685, at *3 (E.D. La. Oct. 14, 2015), certificate of appealability denied, 2017 WL 3623649 (5th Cir. May 22, 2017); Sokolowski v. Prince, Civ. Action No. 14-110, 2015 WL 631425, at *5 (E.D. La. Feb. 13, 2015).[25]

Petitioner's ineffective assistance of counsel claim is likewise foreclosed by his guilty pleas.  It is clear that a guilty plea waives "all claims of ineffective assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (citations omitted).  Here, petitioner does not allege that his attorney's purported misconduct in any way **affected his decision to plead guilty**. Indeed, he could not do so, since his ineffective assistance claim is premised on an allegation that his counsel "withheld" "new evidence" from him while the "direct appeal was pending."[26] Because that purported misconduct is alleged to have occurred long **after** petitioner entered his pleas, it obviously could not have affected the voluntariness of his decision to plead guilty.

Petitioner's final claim is that he is "suffering a miscarriage of justice via abuse of trial court's discretion to revisit his claim of sufficiency of the evidence, that petitioner submitted new

---

[25] Moreover, if petitioner is also claiming that, despite admitting his guilt during his guilty pleas, he is in fact actually innocent and so should be granted relief simply on that basis, any such claim is similarly doomed because "[a]ctual-innocence is *not* an independently cognizable federal-habeas claim." Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006); accord *In re* Swearingen, 556 F.3d 344, 348 (5th Cir. 2009) ("The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review.").

[26] Rec. Doc. 1, p. 6.

evidence in the interest of justice that warrants review of his claim."[27]  However, even if the state

court did in fact err in its adjudication of petitioner's post-conviction application, that would not

alone justify federal relief.  On the contrary, the United States Fifth Circuit Court of Appeals has

clearly explained:

> [O]ur circuit precedent makes abundantly clear that **errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief**.  See, e.g., Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court."); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted).  Rather, **we must find constitutional error at the trial or direct review level in order to issue the writ.**

Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (emphasis added); accord Duff-Smith v.

Collins, 973 F.2d 1175, 1182 (5th Cir. 1992).  Although application of that rule often proves harsh,

the Fifth Circuit has emphatically held that it must nevertheless be followed, stating:

> We, as a federal appeals court entertaining a *federal* habeas corpus application, are without jurisdiction to review the constitutionality of [the petitioner's] state postconviction proceedings.  Indeed, we are barred from doing so by our "no state habeas infirmities" rule. ...  [O]ur hands are tied by the AEDPA, preventing our review of [the petitioner's] attack on his Louisiana postconviction proceedings, so we dutifully dismiss his claim.

Kinsel v. Cain, 647 F.3d 265, 273-74 (5th Cir. 2011) (footnote omitted).

### RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed

by Rickey Overstreet be **DISMISSED WITH PREJUDICE**.

---

[27] Id.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this____2nd____ day of February, 2022.


_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

8